## SECOND DEPARTMENT, MARCH, 1967

## (March 1, 1967)

■ In the Matter of R. D. 184 REST. INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding under CPLR article 78 to annul a determination of the respondent State Liquor Authority, made January 20, 1967, after a hearing, which cancelled petitioner's restaurant liquor license as of January 26, 1967 on a charge that the conduct of its president and director, in connection with other licensed premises of which he was the sole owner of record, was of such improper nature as to warrant revocation, cancellation or suspension of petitioner's license in accordance with rule 36 (subd. 14 [or subd. (n)]) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [n]). Said conduct, as charged, consisted of misrepresentations in 1961, 1962 and 1963 (and other dates not specified) having to do with the financing of his purchase of said other premises of which he was the sole owner. By order of the Supreme Court,

Kings County, dated February 14, 1967, the proceeding was transferred to this court for disposition (CPLR 7804, subd. [g]). Petition granted and determination of the State Liquor Authority annulled, on the law, without costs; and the Authority directed to reinstate forthwith petitioner's restaurant liquor license for the period January 26, 1967 to February 28, 1967, both dates inclusive. No questions of fact have been considered. The determination under review could not properly be based on the violation in question, which occurred prior to the license period immediately preceding the last renewal of the license (*Matter of Hacker* v. *State Liq. Auth.*, 19 N Y 2d 177; *Matter of Vilabar Cafe* v. *State Liq. Auth.*, 19 N Y 2d 186). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.